IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL P. RIES and | : | |
| AMY J. RIES H/W | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 13-1400 |
| CRAIG T. CURTIS, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                                    June 24, 2013

Currently pending before the Court are three Motions to Dismiss filed by Defendants Larrabee, Cunningham, and McGowan, P.C., American International Relocation Solutions, LLC, and Penn Land Transfer Company. For the following reasons, the Motions are granted in part and denied in part.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This suit centers on the sale and purchase of a property, 8 Sunrise Drive, Doylestown, Pennsylvania ("the Property"). The facts, as set forth in the Complaint, are as follows. On or about August 19, 2006, Defendants Craig and Susan Curtis purchased the Property. (Compl. ¶ 12.) On an unknown date, but believed to be in 2011, the Curtises listed the Property for sale with Defendant Fox & Roach, LP ("Prudential") and Defendant Nanci Presti, an agent and employee of Prudential. (Id. ¶ 15.) On or about July 9, 2011, the Curtises prepared a Seller's Property Disclosure Statement to be provided to prospective buyers of the Property. (Id. ¶ 16.)

This form was provided to the Curtises by Defendant American International Relocation Solutions, LLC. ("AIReS"). (Id. ¶ 17.) The form contained the following questions and answers:

> Question 6a: "Are you aware of any past or present water leakage in the house or other structures?"
> Answer: No.
> Question 6f: "Are there any defects in flooring, including stains?"
> Answer: No.
> Question 13e: "Do you know of any past or present drainage or flooding problems affecting the property?"
> Answer: No.

(Id. ¶¶ 18–20.) These same questions were asked on a Seller's Property Disclosure Statement provided by Ms. Presti, and the Curtises provided the same answers. (Id. ¶ 21–22.) Plaintiffs allege, however, that the Curtises' answers were knowingly false, as they knew that during significant rain storms, substantial amounts of water flowed from the patio under the rear kitchen door and into the kitchen. (Id. ¶ 23.) Plaintiffs also allege that the Curtises knew there was a defect in the kitchen floor because holes had been drilled through the kitchen floor in front of the door in an effort to drain water entering the kitchen into the basement and a crawl space. (Id. ¶ 24.) In or around November, 2011, Ms. Presti showed the property to Plaintiffs and provided them with the two allegedly false Property Disclosure Statements. (Id. ¶ 26.) When Plaintiffs visited the Property, the Curtises covered the drain holes in the kitchen floor with a mat. (Id. ¶ 27.) On or about November 3, 2011, Plaintiffs submitted a proposed agreement of sale for purchase of the Property to Ms. Presti. (Id. ¶ 28.) This proposed agreement of sale listed the Curtises as the Property's sellers. (Id. ¶ 29.) This offer of sale was rejected by the Curtises and/or AIReS. (Id. ¶ 30.) The Property remained unsold and vacant through February, 2012. (Id. ¶ 31.)

In or around March, 2012, Ms. Presti, still acting in the course and scope of her employment with Prudential, again showed the Property to Plaintiffs. (Id. ¶ 32.) The holes drilled in the kitchen floor were again covered by a mat. (Id. ¶ 33.) Upon information and belief, Plaintiffs state that Ms. Presti and Prudential knew that substantial amounts of water entered the kitchen during rain storms and that the Property Disclosure Forms were false when they showed the property to Plaintiffs. (Id. ¶ 34.) On or about March 20, 2012, Plaintiffs submitted a second proposed agreement of sale for purchase of the Property to Ms. Presti. (Id. ¶ 36.) This proposal listed AIReS as the seller. (Id. ¶ 37.) The proposal also included an AIReS-required Addendum to Purchase and Sale Agreement, which stated that AIReS had provided Plaintiffs with the two prior Seller Disclosure Agreements prepared by the Curtises and a new Seller Disclosure Agreement prepared by AIReS. (Id. ¶¶ 38–39.) This new Seller Disclosure Agreement did not mirror the language of the previous two, but stated on each page, "We [AIReS] are a relocation company, and as such we have never occupied this property. We make no guarantee, warranty, or representation about the condition of the property." (Id. ¶ 40.) The Addendum also provided the following language:

> [T]he company to issue the title insurance policy <u>shall</u> be: Larrabee & Cunningham . . . [and] . . . [T]hat the closing <u>shall</u> be through the agency listed above for Title.

(Id. ¶ 42 (emphasis added in Complaint).)

On or about March 23, 2012, AIReS accepted Plaintiffs' offer to purchase the Property. (Id. ¶ 43.) Plaintiffs obtained title insurance through Defendant Penn Land Transfer Company ("PLTC"), a title insurance company allegedly operated and controlled by Defendant Larrabee, Cunningham, & McGowan, P.C. ("Larrabee"). (Id. ¶ 44.) The closing for the sale took place on

May 29, 2012, and was conducted by an employee, servant, or agent of PLTC. (Id. ¶ 45.) The Housing and Urban Development Settlement Statement identified the seller as American International Relocation Solution [sic]. (Id. ¶ 46.) The same employee, servant, or agent of PLTC that conducted the closing also acted as an agent for AIReS. (Id. ¶ 47.) At the closing, PLTC produced a deed prepared by Larrabee, which listed the grantors as Craig and Susan Curtis and Plaintiffs as the grantees. (Id. ¶¶ 48–49.) The deed was recorded in the office of the Recorder of Deeds for Bucks County on June 12, 2012. (Id. ¶ 52.) Attached to the deed at the time of recording were two Pennsylvania "Realty Transfer Tax Statement[s] of Value" which each indicated they were prepared by Larrabee on March 16, 2012. (Id. ¶¶ 53–54.) One of these forms stated that the Curtises conveyed 100% of their interest in the property to AIReS, and the other indicated that AIReS conveyed 100% of its interest to Plaintiffs. (Id. ¶¶ 55–56.)

Plaintiffs filed the instant suit on March 18, 2013 bringing six counts: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2608, against the Curtises and AIReS for "Requirement That Title Insurance Be Purchased From Larrabee & Cunningham;" (2) violation of RESPA, 12 U.S.C. § 2607 for "Failure to Give Notice of Affiliated Business Arrangement;" (3) "Failure to Disclose Material Defect" against the Curtises, AIReS, Prudential, and Ms. Presti; (4) violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-9.2, against the Curtises, AIReS, Prudential, Ms. Presti, and PLTC; (5) Common Law Fraud against the Curtises, AIReS, Prudential, and Ms. Presti for failure to disclose the existence of water leaks in the Property; and (6) common law fraud against the Curtises, AIReS, Larrabee, and PLTC for intentionally making false representations on the deed and tax forms and misrepresenting the owner of the Property.

On April 16, 2013, Larrabee filed a Motion to Dismiss Count VI. Plaintiffs filed a Response in Opposition on April 22, and Larrabee filed a Reply Brief on April 29. On May 6, 2013, AIReS filed a Motion to Dismiss the entirety of the Complaint. Plaintiffs filed a Response in Opposition on May 17. On May 6, 2013, PLTC filed a Motion to Dismiss Counts II, IV and VI. Plaintiffs filed a Response in Opposition on May 17. This matter is now ripe for judicial consideration.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint

5

states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level'") (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

#### A. Larrabee's Motion to Dismiss Count VI (Fraud)

Larrabee first moves to dismiss Count VI because they claim that (1) there has been no certificate of merit filed demonstrating a departure from an established professional standard of conduct, and (2) the Complaint fails to allege the appropriate elements of a fraud claim.

6

### 1. Plaintiffs' Claim Does Not Require a Certificate of Merit

Under Pennsylvania Rule of Civil Procedure 1042.3:

In *any action based upon an allegation that a licensed professional deviated from an acceptable professional standard*, the attorney for the plaintiff, or the plaintiff if not represented, *shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit* signed by the attorney or party that either
. . .
(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause bringing about the harm, or
. . .
(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for who this defendant is responsible deviated from an acceptable professional standard, or
. . .
(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. No. 1042.3(a) (emphasis added).

Although this Rule stems from Pennsylvania civil procedure, the United States Court of Appeals for the Third Circuit has recognized that it constitutes substantive law that must be applied by federal courts in professional liability cases arising under Pennsylvania common law. Booker v. U.S., 366 F. App'x. 425, 426 (3d Cir. 2010); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x. 938, 943-44 (3d Cir. 2007); Ramos v. Quien, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008); Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 509-10 (E.D. Pa. 2004). When such a case is proceeding in federal court, the failure to submit a certificate of merit is a possible ground for dismissal under Rule 12(b)(6). Martinez v. Kubala, No. Civ.A.09-0026, 2011 WL 3740285, at *2 (E.D. Pa. Aug. 24, 2011).

In the immediate case, Larrabee claims that Plaintiffs cannot prevail because they have

not required a certificate of merit. Specifically, Larrabee argues that Plaintiffs needed a certificate of merit in this case because Plaintiffs have alleged that the firm deviated from the acceptable standard of professional care in preparing the title and tax documents for the sale of the Property. Larrabee claims that the appropriate procedures as to an appropriate transfer of property are a topic that is beyond the knowledge and understanding of a typical layperson. Plaintiffs respond that they are not bringing a professional negligence claim against Larrabee, but rather a common-law fraud claim.

The Court agrees with Plaintiffs. Nowhere in the Complaint are there allegations of professional negligence, which requires (1) employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure proximately caused damage to the plaintiff. Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998). Plaintiffs have not alleged that they retained the services of Larrabee; rather, they allege that they purchased title insurance from PLTC (which was in turn operated and controlled by Larrabee & Cunningham). In any event, a certificate of merit is *not* required to bring an action for common law fraud, which is what Plaintiff has alleged against Larrabee.

### 2. Plaintiffs' Have Adequately Alleged Fraud

Rule 9(b) of the Federal Rules of Civil Procedure provides that, when alleging a cause of action based on fraud, "a party must state with particularity the circumstances constituting fraud[.]" Fed.R.Civ.P. 9(b) (emphasis added). Rule 9(b) applies with equal force to fraud actions under federal statutes as to those actions that are based on state law but brought in federal court. See Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007); Christidis v. First Pa. Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983). Under Pennsylvania law, the six elements of a common

8

law fraud action are: (1) a misrepresentation; (2) material to the transaction; (3) made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance resulted; and (6) injury was proximately caused by reliance. Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 136 (3d Cir. 2005) (citing Viguers v. Philip Morris USA, Inc., 837 A.2d 534 (Pa. Super. Ct. 2003)). "In real estate transactions, fraud arises where a seller knowingly makes a misrepresentation, undertakes a concealment calculated to deceive, or commits non-privileged failure to disclose." Sewak v. Lockhart, 699 A.2d 755, 759 (Pa. Super. Ct. 1997) (citing De Joseph v. Zambelli, 139 A.2d 644, 647 (Pa. 1958)). In order to survive a motion to dismiss, the plaintiff's complaint must "plead or allege the date, time and place of the alleged fraud[,] or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico, 507 F.3d at 200 (citing Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004)).

Defendants argue that Plaintiffs' "third party claim for fraud" (in which there is not an attorney-client relationship) must fail because, in addition to the elements above, there must be a showing of (1) malice and (2) a pecuniary interest. Because Plaintiffs have not alleged either of these additional elements, Defendants state that the claim must be dismissed. However, Larrabee conflates the standard for negligent misrepresentation with that of fraud. In a negligent misrepresentation case against an attorney by a third party, it is true that there must be a showing of some sort of privity, whether through an attorney-client relationship or a pecuniary interest. See, e.g., I & S Assocs. Trust v. LaSalle Nat'l Bank, No. Civ.A.99-4956, 2001 U.S. Dist. LEXIS 15225, at *11-13 (E.D. Pa. 2001); Pelagatti v. Cohen, 536 A.2d 1337, 1347 (Pa. Super. Ct. 1987) (discussing that malice *or* the commission of an intentional tort may overcome the privity requirement of an attorney for injury to a third party). Plaintiff here, however, does not bring a

9

claim for negligent misrepresentation. Rather, the Rieses have brought a claim against Larrabee for common-law fraud. Because common-law fraud is an intentional tort, Plaintiffs need not specifically plead privity or malice. As a result, Larrabee's Motion to Dismiss is denied.

> **B.    Penn Land Transfer Company and American International Relocation Services Motions to Dismiss Count II (RESPA)**

Section 2607 of RESPA provides:

> (a) Business referrals. No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> (b) Splitting charges. No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. §§ 2607(a) and 2607(b). Defendants PLTC and AIReS both seek to dismiss Count II of the Complaint as it fails to allege any unearned fee, kickback, or fee sharing arrangement such that PLTC could be found to have violated section (a) or (b).

In their Response in Opposition, Plaintiffs concede that there is no violation of these sections. Instead, they focus on section (c) of the statute, which provides in pertinent part:

> (c)  Fees, salaries, compensation, or other payments. Nothing in this section shall be construed as prohibiting . . . affiliated business arrangements so long as (A) a disclosure is made of the existence of such an arrangement . . .

12 U.S.C. §§ 2607(c). Plaintiffs contend that PLTC has violated section (c) by failing to acknowledge the existence of a business affiliation with Larrabee. Specifically, Plaintiffs write that "Section 2607(c)(4) is violated when a business arrangement exists between providers of real estate settlement services, a residential real estate purchaser is referred by one party to the

relationship to the other party for services, and if the disclosures required by the statute are not made." (PLTC Response in Opp'n Mot. to Dismiss 6.)

This is a misunderstanding of section (c). Section (c) is a safe harbor provision which exempts properly disclosed business arrangements from what would otherwise be a violation of sections (a) or (b). See, e.g., Capell v. Pulte Mortg. L.L.C., No. Civ.A.07-1901, 2007 U.S. Dist. LEXIS 82570, at *6 (E.D. Pa. Nov. 7, 2007) ("RESPA § 8(c), however, exempts certain types of referrals from RESPA § 8(a) and 8(b)'s prohibitions.") Thus, to proceed on a claim under §2607, Plaintiffs must plead that there was some sort of kickback or other value given between the companies involved for any referral they made—only then would section (c) become relevant as a potential safe harbor for *Defendants* to use. As a result, Defendant's Motion is granted without prejudice as to Count II and with leave for Plaintiffs to amend.

    **C.**    **Penn Land Transfer Company's Motion to Dismiss Count IV (Pennsylvania Unfair Trade Practices and Consumer Protection Law)**

The "catch-all provision" of the UTPCPL, under which Plaintiffs brings their claim, prohibits "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Cons. Stat. § 201-2(4)(xxi). It forbids marketplace participants from engaging in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. Cons. Stat. § 201-3. The statute was amended in 1997 to add the word "deceptive" alongside "fraudulent." Courts in this district are divided as to whether or not the catch-all provision still requires that the elements of common-law fraud be satisfied. Compare Rock v. Voshell, 397 F. Supp. 2d 616, 622 (E.D. Pa. 2005) (finding all of the fraud elements are still required, even with the addition of the "deceptive" language) with Sacks

11

v. DJA Auto., No. Civ.A.12-284, 2013 U.S. Dist. LEXIS 7824, at *34 (E.D. Pa. Jan. 18, 2013) (finding that the added prohibition on deceptive conduct "permits plaintiffs to proceed without satisfying all of the elements of common-law fraud."). Under the deceptive practice theory employed in Sacks, a Plaintiff must demonstrate (1) defendant made a misrepresentation or engaged in deceptive conduct—conduct that is likely to deceive a consumer acting reasonably under similar circumstances, (2) he justifiably relied on defendant's misrepresentation or deceptive conduct, and (3) he was damaged by his justifiable reliance on defendant's alleged misrepresentation or deceptive conduct. Sacks, 2013 U.S. Dist. LEXIS 7824 at *33–34 (citing Seldon v. Home Loan Servs., 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009)). This Court has previously adopted the approach from Sacks. See Clark v. Allstate Ins. Co., No. Civ.A.13-0271, 2013 U.S. Dist. LEXIS 65241, at *18 (E.D. Pa. May 7, 2013).

In moving to dismiss Count IV, PLTC argues that Plaintiffs have failed to allege any of the three elements of the claim—deceptive conduct, justifiable reliance, or actual damage. Specifically, PLTC contends that the only act alleged against it as a Defendant was that it recorded the Property deed, making it impossible for Plaintiffs to sell or transfer the Property. PLTC then contends that Plaintiffs have not pled justifiable reliance because they did not show how PLTC's recording of the deed changed their conduct. Finally, PLTC claims that Plaintiffs' "legal conclusion that they cannot sell the Property in the future" is faulty because it contradicts the fact that PLTC issued them a title insurance policy.

As an initial matter, Plaintiffs argue and the Court agrees that they have pled more than just the simple fact that PLTC recorded the deed. In the Complaint, Plaintiffs claim that the closing agent acted as an agent for both AIReS and PLTC. Additionally, Plaintiffs claim that

PLTC prepared the tax form listing AIReS as the seller, but delivered a deed indicating the Curtises were the seller. If true, these facts sufficiently raise questions as to whether PLTC and the other parties intentionally misled Plaintiffs into believing that title was marketable and that such reliance was justified. As to PLTC's argument questioning the marketability of the title, at the Motion to Dismiss stage the Court is required to accept Plaintiffs' allegation that the title was unmarketable. While discovery may prove that these claims are without merit, at this early stage of litigation, Plaintiffs have alleged enough to raise the allegations above the speculative level and make the Ries's claim plausible.

        **D.**        **Penn Land Transfer Company's Motion to Dismiss Count VI (Fraud)**

PLTC seeks to dismiss Count VI for failing to meet the heightened pleading standard of Fed. R. Civ. P. 9(b) for fraud (discussed above). PLTC claims that Plaintiffs have failed to allege any specific misrepresentation, and there are no allegations of reliance or proximate cause. As an initial matter, the Court recognizes that the standard for common law fraud is higher than the deceptive act test adopted for a claim under the UTPCPL. Nevertheless, the same facts alleged and discussed in the preceding section still constitute a misrepresentation that was justifiably relied upon by Plaintiffs. As to the heightened pleading standard required by Rule 9(b), the Court notes that not only were there specific times and dates alleged as to when the misrepresentations were made, but there are allegedly documents containing such misrepresentations that—though unattached to the Complaint—will likely come out in discovery. As a result, Plaintiff has alleged enough to proceed and overcome PLTC's Motion to Dismiss.

        **E.**        **American International Relocation Services Motion to Dismiss Count I**

### (RESPA)

Section 2608(a) of RESPA provides:

> No seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company.

12 U.S.C. § 2608. Plaintiffs claim that AIReS and the Curtises violated this provision by requiring Plaintiffs to purchase title insurance from Larrabee & Cunningham and PLTC. Defendant AIReS disputes this claim by providing an alleged addendum to the sale agreement, signed by Plaintiffs, that states under a section heading "Title Insurance Disclosure Notice" the following:

> You are not required to use Camelot Abstract as a condition for settlement on your property. **THERE ARE FREQUENTLY OTHER SETTLEMENT SERVICE PROVIDERS AVAILABLE WITH SIMILAR SERVICES. YOU ARE FREE TO SHOP AROUND TO DETERMINE THAT YOU ARE RECEIVING THE BEST SERVICES AND THE BEST RATE FOR THESE SERVICES.**

(AIReS Resp. Opp'n Mot. Dismiss, Ex. C.) (Emphasis in original). In addition to this addendum using an estimate from a completely different title insurance company than PLTC or Larrabee & Cunningham, AIReS notes the explicit language stating that Plaintiffs are free to use any title insurance company they wish.

While AIReS's argument is persuasive, the language described in the addendum is at odds with that described by Plaintiffs in the Complaint, which states that title insurance *shall* be purchased from Larrabee. Because Plaintiffs have not attached a copy of the actual contract of sale or any addendum to it, because the Court is required to accept all facts in the pleading as true, and because the addendum attached by AIReS is an unauthenticated document outside the

pleading, at best there exists a factual issue as to what the Contract stated. Under such circumstances, the Court cannot dismiss the Complaint as is. Defendants are free to renew the argument in summary judgment should discovery prove that the contract clearly indicated Plaintiffs were free to purchase title insurance elsewhere.[1]

## IV.     CONCLUSION

For the foregoing reasons, Defendant Larrabee's Motion to Dismiss is denied, and Defendants AIReS and PLTC's Motions to Dismiss are granted in part and denied in part. Defendants Larrabee & Cunningham and PLTC's Motions are denied as to Count VI, as Plaintiff has adequately alleged fraud even under the heightened standard of Fed. R. Civ. P. 9(b). Defendant PLTC's Motion to Dismiss Count IV is similarly denied, as Plaintiffs have alleged deceptive conduct under the UTPCPL. Defendant AIReS's Motion to Dismiss Count I for violation of §2608 of RESPA is denied, because taking the facts of the Complaint as true, the language of the contract properly alleges a violation of the statute. However, Defendants PLTC and AIReS's Motion to Dismiss Count II is granted, as Plaintiffs have not alleged there was any kickback, fee splitting, or other agreement to exchange something of value between Defendants for a referral of service. Count II is denied without prejudice and with leave to amend.

An appropriate Order follows.

---

[1] AIReS also seeks to dismiss the remainder of the Complaint for lack of supplemental jurisdiction. Because Plaintiff's federal claims are not being dismissed, the Court retains supplemental jurisdiction over the state law claims in the Complaint.